[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
INTRODUCTION
The Greater Watertown Federal Credit Union brings this collection action against Susan Chamberlain on its promissory note dated September 3, 1987. This document was signed by Ms. Chamberlain and her former husband, William, in connection with a purchase of an automobile. At the time of trial, April 30, 1991, the auto had already been repossessed by the credit union; William Chamberlain had discharged in bankruptcy his liability under the note; and the parties agreed at trial that the sole issue for our decision was whether Susan Chamberlain was liable to pay the deficiency amount after repossession; namely, $3,855.08 plus costs — We conclude that she is not liable and thus enter judgment in behalf of Susan Chamberlain.
FINDINGS OF FACT
From the credible evidence, the court finds the following facts.
1. During September of 1987 William Chamberlain only, the former husband of Susan Chamberlain, applied for an auto loan with the credit union. Plaintiff's Exhibit A. The credit union's customary practice was to require all makers on a note to complete a loan application. However, Susan Chamberlain did not complete such an application.
2. After the loan application by William Chamberlain was submitted on September 3, 1987, he signed the credit union's loan documents, including the promissory note, as a maker.
3. William Chamberlain alone initialed a change in the calendar date for the first payment due under the note and throughout this document, Susan Chamberlain is referred to only as a co-owner.
4. Susan Chamberlain signed the note, which was completely prepared by the credit union as a "co-owner" prior to the credit union's striking out on the face of the document her being identified as a "co-maker".
5. The second page of the note document providing for the obligations of a "non co-maker owner of collateral" was not used CT Page 4390 by the parties because the credit union had carbonized the loan document forms to provide for second and third copies of the executed document and desired to have the entire agreement on the first page of the loan document.
6. The credit union issued the loan proceeds in a draft payable only to William Chamberlain. Defendant's Exhibit #1.
7. It was the intent of the parties that Susan Chamberlain sign only as a co-owner of the collateral to pledge it as security and she signed only in the capacity of a co-owner.
CONCLUSION OF LAW
Susan Chamberlain signed only as a co-owner and is not liable as a maker on the note. Therefore, the issues are found for the defendant, Susan B. Chamberlain.
A judgment may enter accordingly.
WILLIAM PATRICK MURRAY, J. A JUDGE OF THE SUPERIOR COURT